IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JERRY PATRICK WILLIAMS**                                                                **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 1:22-cv-00277-HSO-BWR**

**JACKSON COUNTY, et al.**                                                               **DEFENDANTS**

### ORDER OF PARTIAL DISMISSAL

BEFORE THE COURT are pro se Plaintiff Jerry Patrick Williams's Complaint [1] and Responses [16], [20]. Williams brings this civil action under 42 U.S.C. § 1983, generally claiming that he is the victim of wrongful incarceration and the use of excessive force. Williams names as Defendants Jackson County, Deputy Kelvin Hutchens, and Judge Robert Krebs. Compl. [1] at 3; Order [21]. Williams is a prisoner currently incarcerated at the Jackson County Adult Detention Center ("JCADC") in Pascagoula, Mississippi, Compl. [1] at 2, and he is proceeding *in forma pauperis*, Order [14]. For the following reasons, the Court finds that Jackson County and Judge Krebs should be dismissed as Defendants. Williams's excessive-force claims against Deputy Hutchens will proceed.

### I. BACKGROUND

Williams claims that law-enforcement officers in Jackson County harassed him repeatedly between April and July 2022, wrongfully arresting him "about 14 times" during that period. Resp. [16] at 1-2. On April 20, 2022, Williams was incarcerated on an unspecified misdemeanor charge, when he claims he was physically assaulted while in custody. Compl. [1] at 4; Att. [5] at 5. Williams says

that Deputy Hutchens and other unnamed officers at JCADC "told [him] to take [his] clothes off" and shot him with a taser and mace multiple times. Compl. [1] at 4-6. Specifically, Deputy Hutchens hit Williams "full throttle" in the chest, then stepped back and "hit [him] in the upper thigh." Att. [5] at 1. When asked by the Court, Williams was unable to identify the other officers involved in the alleged assault. Resp. [16] at 1.

Williams says that he was attacked simply for asking the officers what crime he committed. Compl. [1] at 4-5. The officers asked Williams if he "needed medical treatment" only when they noticed "blood coming out of [him]." *Id*. at 5. He says he was never treated for his injuries. Resp. [16-1] at 2.

Williams next avers that on July 3, 2022, he was "wrongfully incriminated" in the theft of a motor vehicle, though he never possessed the keys to the stolen car or moved it "from the spot where it rested." Compl. [1] at 6; Compl. [1-1] at 6; Att. [5] at 1. Williams appeared in the Jackson County Circuit Court on this charge on October 10, 2022, at which time Judge Krebs ultimately set Williams's bond at $25,000.00 "as if [he] [did] the crime." Att. [5] at 5. Williams believes this bond was "excessive." Resp. [16] at 2. As of December 22, 2022, Williams had not been convicted on that charge. Resp. [20] at 1.

For relief, Williams seeks an unspecified measure of monetary damages, plus an "early or immediate release from incarceration." Resp. [16] at 3. On December 14, 2022, the Court severed Williams's habeas claims from those arising under § 1983. Order [18] at 2-3. His § 1983 claims remain pending in this civil action.

## II. DISCUSSION

A.  The Prison Litigation Reform Act

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, applies to prisoners proceeding *in forma pauperis* in this Court. The PLRA mandates dismissal if at any time the Court determines the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2)(B). This framework "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quotation omitted).

In an action proceeding under § 1915, courts may "evaluate the merit of the claim sua sponte." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* So long as the plaintiff "has already pleaded his 'best case,'" *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)), and his "insufficient factual allegations [cannot] be remedied by more specific pleading," *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994), the Court may dismiss a claim sua sponte. Because the Court has permitted Williams to proceed *in forma pauperis*,

Order [14], this case is subject to the screening provisions outlined in § 1915(e)(2)(B).

B.    Williams's claims against Jackson County

"Section 1983 claims may be brought against government employees 'in their individual or official capacity, or against a governmental entity.'" *Ducksworth v. Rook*, No. 2:14-cv-00146-KS-MTP, 2015 WL 737574, at *2 (S.D. Miss. Feb. 20, 2015) (quoting *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009)). "Municipal liability under Section 1983 requires that a plaintiff prove three elements: 'a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom.'" *Id.* (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). A "policy or custom" can be either:

> (1) a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or (2) a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.

*Felter v. Brown*, No. 5:11-cv-00046-DCB-MTP, 2014 WL 51335, at *2 (S.D. Miss. Jan. 7, 2014) (citing *McGregory v. City of Jackson*, 335 F. App'x 446, 448-49 (5th Cir. 2009)). To advance beyond the pleading stage, a complaint's "description of a policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts." *Pena v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) (quotation and alterations omitted).

Williams has failed to allege sufficient facts to maintain this action against Jackson County. When asked to identify "which policies, practices, or customs . . . establish that Jackson County, Mississippi, violated [his] constitutional rights," Order [15] at 2, Williams averred that he was "unlawfully incarcerated . . . on the wrong charge," Resp. [16] at 1. Without elaboration, Williams also claims that Jackson County violated his First, Fourth, Eighth, Thirteenth, and Fourteenth Amendment rights. *Id*. At no point does Williams allege that Jackson County has an official policy or well-settled custom of harassment, wrongful arrest, wrongful incarceration, or using excessive force. His allegations merely represent what he says happened to him in one instance.

That is, Williams has "alleged no specific policy statement, ordinance, regulation, or decision that was the moving force" behind the alleged constitutional violations. *See Ducksworth*, 2015 WL 737574, at *2. His pleadings thus fail "to include sufficient facts to allow the Court to infer a persistent, widespread practice so common and well-settled as to constitute a custom that fairly represents a municipal policy." *See id*. (quotations and alterations omitted); *see also Lang v. Forrest Cnty. Adult Detention Ctr.*, No. 2:21-cv-000821-HSO-JCG, 2021 WL 4432824, at *2 (S.D. Miss. Sept. 27, 2021) (dismissing claims against Forrest County because the plaintiff failed to allege the existence of an official policy, practice, or custom); *Handshaw v. Biloxi Police Dep't*, No. 1:19-cv-00821-HSO-JCG, 2020 WL 592338, at *2 (S.D. Miss. Feb. 6, 2020) (dismissing claims against the City of Biloxi for the same reason); *Cobb v. Adams Cnty.*, No. 5:07-cv-00198-MTP, 2009

5

WL 799461, at *3 (S.D. Miss. Mar. 24, 2009) (dismissing claims against Adams County for the same reason). Dismissal of Williams's § 1983 claims against Jackson County is appropriate.

C.  Williams's claims against Judge Robert Krebs

"As a general matter, judicial immunity protects a judge from liability for acts or omissions done in the exercise of his judicial function or capacity within the limits of his jurisdiction." *Lang v. City of Gulfport*, No. 1:13-cv-00012-LG-JMR, 2013 WL 3095058, at *2 (S.D. Miss. June 18, 2013). "Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quotation omitted).

"The doctrine of judicial immunity can be overcome under two sets of circumstances: (i) nonjudicial actions, which are actions not taken in the judge's judicial capacity and (ii) actions taken in the complete absence of all jurisdiction, even though they are judicial in nature." *Lang*, 2013 WL 3095058, at *2 (citing

6

*Ballard*, 413 F.3d at 515). Williams's allegations against Judge Krebs satisfy neither exception.

To determine whether Judge Krebs's act of setting a bond for Williams could amount to a nonjudicial action, the Court considers these factors:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993). All four factors weigh in favor of the application of judicial immunity. The setting of bond is a normal judicial function. *See Pittman v. Cooksey*, No. 1:08-cv-00672-HSO-JMR, 2009 WL 112165, at *2 (S.D. Miss. Jan. 15, 2009). Williams admits that he appeared in court on the motor-vehicle-theft charge and that Judge Krebs set his allegedly "excessive" bond at that time. Att. [5] at 5. "There is no indication that [Williams's] appearance before Judge [Krebs] was anything outside a standard judicial process." *Lang*, 2013 WL 3095058, at *2. The "nonjudicial action" exception to judicial immunity does not apply.

Nor does the absence-of-jurisdiction exception apply. To start, Williams does not allege that Judge Krebs lacked jurisdiction to set his bond—only that the amount was "excessive." Att. [5] at 5. In any event, "the setting of bail is within the circuit court's discretion." *Strickland v. Darby*, 135 So. 3d 234, 237 (Miss. Ct. App. 2014) (quotation and alterations omitted). Thus, Judge Krebs acted within his jurisdiction by establishing the amount of Williams's bond, and he is entitled to

7

judicial immunity from suit because of these allegations.  Dismissal of Williams's § 1983 claims against Judge Krebs is appropriate.

### III. CONCLUSION

Having thoroughly reviewed and liberally construed Williams's Complaint [1] and Responses [16], [20], the Court finds that his claims against Defendants Jackson County and Judge Robert Krebs must be dismissed.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Jackson County and Judge Robert Krebs are **DISMISSED** as Defendants herein.  The Clerk of Court shall terminate Jackson County and Judge Krebs as parties on the Court's docket.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Williams's excessive-force claims against Deputy Kelvin Hutchens will proceed.  An Order issuing Notice of Lawsuit and Request for Waiver of Service will be issued in due course, but the Court expresses no opinion whether Williams's claims against Deputy Hutchens will or will not be determined to be meritorious.

**SO ORDERED AND ADJUDGED**, this 24th day of January, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE