IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JERRY PATRICK WILLIAMS**                                          **PLAINTIFF**

**VERSUS**                                  **CIVIL ACTION NO. 1:22-cv-00277-BWR**

**KYLEN HUTCHINS**                                                **DEFENDANT**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte* for consideration of dismissal. When he filed this Complaint under 42 U.S.C. § 1983, *pro se* Plaintiff Jerry Patrick Williams was an inmate housed at the Jackson County Adult Detention Center in Pascagoula, Mississippi. Compl. [1] at 2-3. He originally named Jackson County, Kylen Hutchins, and Judge Robert Krebs as Defendants, *id.*; Order [21], but Jackson County and Judge Krebs were dismissed as Defendants while Plaintiff's Complaint was screened under the Prison Litigation Reform Act, Order [22]. Only Plaintiff's excessive-force claims against Deputy Hutchins remain. *Id.* at 8. Plaintiff is proceeding *in forma pauperis*. Order [14].

### I.     BACKGROUND

On March 5, 2024, Deputy Hutchins filed a Motion [46] for Summary Judgment and Supporting Memorandum [47]. On March 14, 2024, counsel for Deputy Hutchins filed a Notice [50] indicating that a service copy of the Motion [46], addressed to Plaintiff at his last-known mailing address, had been returned by the postal service as undeliverable. The envelope is marked both, "not here" and "no longer at this facility." Notice [50] at 1.

Accordingly, the Court ordered Plaintiff, on or before April 10, 2024, to "either (1) file a written response to advise the Court whether he wishes to proceed with this lawsuit; or (2) file a written response to Defendant's Motion [46] for Summary Judgment." Order [51] at 1. That Order [51] warned Plaintiff that "[f]ailure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in this lawsuit being dismissed without prejudice and without further notice." *Id.* That Order [51] was mailed to Plaintiff at his last-known mailing address, and it was returned to the Court as undeliverable in an envelope marked, "no longer at this facility." Envelope [52] at 1. Plaintiff did not comply with the Court's Order [51] by the April 10 deadline.

On April 24, 2024, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's Order. Order [53] at 2. Plaintiff's responsive deadline was extended to May 8, 2024, and he was warned again "[t]hat failure to advise this Court of a change of address or failure to timely comply with any order of the Court . . . will result in this lawsuit being dismissed without prejudice and without further notice." *Id.* The Order to Show Cause [53], with a copy of the Court's March 27 Order [51], was mailed to Plaintiff at his last-known mailing address. It was also returned to the Court as undeliverable in an envelope marked, "no longer at this facility." Envelope [54] at 1. Plaintiff did not comply with the Court's Orders [53] [51] by the May 8 deadline.

On May 15, 2024, the Court entered a Second and Final Order to Show Cause, directing Plaintiff to "explain why this case should not be dismissed for failure to

2

comply with the Court's Orders [53] [51]." Order [55] at 2. Plaintiff's responsive deadline was extended to May 29, 2024, and he was warned yet again "[t]hat failure to advise this Court of a change of address or failure to timely comply with any order of the Court . . . **will result** in this lawsuit being dismissed without prejudice and without further notice." *Id*. at 2-3. Plaintiff was cautioned that "[t]his [was] his final opportunity to comply with the Court's Orders [53] [51]." *Id*. at 3. The Second and Final Order to Show Cause [55], along with a copy of the Court's March 27 Order [51] and April 24 Order to Show Cause [53], was mailed to Plaintiff at his last-known mailing address. It has not been returned to the Court as undeliverable. Plaintiff did not comply with the Court's Orders [55] [53] [51] by the May 29 deadline, nor has he notified the Court about a change of address. And the Court has been unable to locate a better address for Plaintiff, despite independent research.

## II.   DISCUSSION

The Court may dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and the Court's "'inherent power' . . . to manage [its] own affairs." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. at 629–30.

3

This record reflects that lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile." *See Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).  Plaintiff did not comply with three Court Orders, after being warned at least fourteen times that failing to do so may lead to the dismissal of this case.  Order [3] at 2; Order [6] at 2; Order Requiring Plaintiff to Respond [10] at 2; Order to Show Cause [11] at 2; Order Setting Payment Schedule [14] at 3; Order Requiring Plaintiff to Respond [15] at 2-3; Order Requiring Plaintiff to Respond [19] at 2; Order [23] at 2-3; Order of Referral [25] at 1; Order Setting Omnibus Hearing [33] at 4; Omnibus Order [40] at 3; Order Requiring Plaintiff to Respond [51] at 1; Order to Show Cause [53] at 2; Second and Final Order to Show Cause [55] at 3.  Only two of these Orders [51] [53] were returned to the Court as undeliverable—indicating that Plaintiff received the others.  Despite these warnings, Plaintiff has not contacted the Court or taken any action in this case since August 3, 2023.  Letter [44].

Given his clear record of delay and contumacious conduct, it is apparent that Plaintiff no longer wishes to pursue this lawsuit.  Dismissal without prejudice is warranted.  *See, e.g.*, *Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (affirming *sua sponte* dismissal of *pro se* prisoner case for failure to comply with district court's order).

### III.   CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's orders and to

prosecute. A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

    **SO ORDERED** this 11th day of June, 2024.

*s/ Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE